UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

ROY EDWARD ATES                           CIVIL ACTION NO. 3:14-cv-1108
     LA. DOC #102044
VS.                                                    SECTION P

                                  JUDGE ROBERT G. JAMES

WARDEN JERRY GOODWIN          MAGISTRATE JUDGE KAREN L. HAYES

REPORT AND RECOMMENDATION

     *Pro se* petitioner Roy Edward Ates, an inmate in the custody of Louisiana's Department

of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254

on June 3, 2014. Petitioner attacks his 1981 conviction for second degree murder and the life

sentence imposed by the Fourth Judicial District Court, Ouachita Parish. This matter has been

referred to the undersigned for review, report, and recommendation in accordance with the

provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is

recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the

provisions of 28 U.S.C. §2244(d).

*Statement of the Case*

     Petitioner was convicted of second degree murder and the mandatory life sentence was

imposed. He appealed his conviction to the Louisiana Supreme Court raising numerous

assignments of error, including a claim that the trial court erred when it refused petitioner's

request to conduct an *in camera* inspection of the Grand Jury testimony of the State's key

witness. On June 21, 1982, the Supreme Court conditionally affirmed the conviction and

sentence but remanded so that the trial court could conduct an *in camera* inspection of the

witness's Grand Jury testimony and rule on petitioner's motion for a new trial. *State of Louisiana v. Roy Edward Ates*, 418 So.2d 1326 (La. 1982).  On November 19, 1982, the Supreme Court granted petitioner's motion for remand with regard to a second motion for a new trial. *State of Louisiana v. Roy Edward Ates*, 422 So.2d 421 (La. 1982). On remand the trial court found no substantial inconsistencies and no exculpatory evidence which would have influenced the jury, and ruled that a new trial should not be granted. Petitioner then appealed this ruling to the Second Circuit Court of Appeals. On February 3, 1983, and again on March 10, 1983, the Court of Appeals concluded that it lacked jurisdiction[1] and transferred the matter to the Louisiana Supreme Court. *State of Louisiana v. Roy Edward Ates,* 429 So.2d 176 (La. App. 2 Cir. 2/3/1983); *State of Louisiana v. Roy Edward Ates*, 429 So.2d 177 (La. App. 2 Cir. 3/10/1983). The Supreme Court apparently approved the trial court's determination that a new trial was unnecessary.

Petitioner did not collaterally attack his conviction until March 18, 2013[2] when he filed an application for post-conviction relief in the Fourth Judicial District Court arguing the following claims for relief:

(1) The petitioner avers because of state procedural law denying him assistance of

---

[1] The Court observed, "Under La.Const.Art. 5, § 5(E) the Supreme Court has exclusive appellate jurisdiction to decide criminal appeals in felony cases when an order of appeal was entered prior to July 1, 1982, and has exclusive supervisory jurisdiction of all criminal writ applications relating to convictions and sentences imposed prior to July 1, 1982." *State v. Ates*, 429 So.2d 176 (La. App. 2 Cir. 1983).

[2] Paragraph 12 of the form application for post-conviction relief used by petitioner asked, "Other than direct appeal from the judgment of conviction and sentence, have you previously filed any application for post-conviction relief with respect to this judgment in any state or federal court." To which petitioner responded, "No." [Doc. 1-1, p. 23, ¶12] The application was signed on March 18, 2013. [Doc. 1-1, p. 34]

counsel to assist with preparing a post conviction application he has been denied equal protection and the Sixth Amendment right to the assistance of counsel for post-conviction purposes.

(2) The prosecution knowing and intentionally suppressed from the defense police and follow-up investigative reports prepared by the Ouachita Police Department favorable to the petitioner.

(3) The petitioner avers he was rendered ineffective assistance of counsel where the defense advised him to continue with trial by jury and to waive the plea bargain offered by the State.  [Doc. 1-1, pp. 20-42]

On September 4, 2013, the District Court denied the application "as both untimely and meritless." [Doc. 1-1, p. 19] On some unspecified date petitioner sought writs in the Louisiana Supreme Court. [Doc. 1-1, pp. 2-18] On May 23, 2014, his writ application was denied without comment. *State of Louisiana ex rel. Roy Edwards Ates v. State of Louisiana*, 2013-2400 (La. 5/23/2014), — So.3d —, 2014 WL 2609409. [Doc. 1-1, p. 1]

Petitioner then filed the instant petition on June 3, 2014.[3] He raises the same claims raised in the Fourth Judicial District Court and the Louisiana Supreme Court and argues that his petition is not time barred because he is relying on a trio of recent United States Supreme Court decisions, namely *Martinez v. Ryan*, — U.S. —,  132 S.Ct. 1309 (3/20/2012), *Lafler v. Cooper*, — U.S. —,  132 S.Ct. 1376 (3/21/2012), and *Missouri v. Frye*, — U.S. —, 132 S.Ct. 1399 (3/21/2012). [See Doc. 1, ¶4] He also implies that he was not aware his suppression of *Brady* material claim until August 4, 2010. [Doc. 1, p. 10[4]]

---

[3] The pleading is dated June 3, 2014 [Doc. 1, p. 18]; it was mailed on June 5, 2014 [Doc. 1-2] and received and filed on June 6, 2014. The earliest date the pleading may be considered filed is June 3, 2014.

[4] Petitioner alleged, "For several years prior to August 4, 2010, the Petitioner tried relentlessly to have provided him any [and] all information relevant to the statement given to the prosecuting authority of Ouachita Parish by state's witness Deland, all proving to be of no avail,

3

*Law and Analysis*

*1. Limitations – Section 2244(d)(1)(A)*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death

Penalty Act of 1996 (AEDPA).  Therefore, the court must apply the provisions of AEDPA,

including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999);

*In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138

L.Ed.2d 481 (1997).  Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-

year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such

as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period

generally runs from "...the date on which the judgment became final by the conclusion of direct

review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[5]

However, the statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time

during which a properly filed application for post-conviction relief was pending in state court is

not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999);

*Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time

before the proper filing of an application for post-conviction relief in state court is counted

against the one-year limitation period, as is the time between the termination of post-conviction

proceedings and the filing of the federal petition.  *Villegas,* 184 F.3d 467, citing *Flanagan v.*

---

until 4 August 2010. A review of notes drafted by someone inside the Sheriff's Office
Investigative Department, author unknown, was buried information relevant to impeachment of
witness Deland's trial testimony." [Doc. 1, p. 10]

[5]  It appears that petitioner believes that limitations should be calculated as provided in
Section 2244(d)(1)(B), (C), and (D). Those claims are discussed in Parts 2 and 3 below.

*Johnson*, 154 F.3d 196, 197 (5th Cir.1998).  Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

As noted above, petitioner's judgment of conviction and sentence became final in the early 1980s. *State of Louisiana v. Roy Edward Ates*, 418 So.2d 1326 (La. 1982).

The AEDPA, and the timeliness provision codified at § 2241(d), took effect on April 24, 1996. However, the limitation periods provided by the statute cannot be applied retroactively to bar claims by petitioners whose convictions were final prior to the effective date of AEDPA. *United States v. Flores,* 135 F.3d 1000, 1006 (5th Cir. 1998).  Such petitioners are afforded a one-year grace period, or until April 24, 1997, to file an application for writ of *habeas corpus* in federal court. *Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999); *Flanagan v. Johnson,* 154 F.3d 196 (5th Cir. 1998); *Villegas v. Johnson,* 184 F.3d at 469 (5th Cir. 1999); *Flores, supra*. Petitioner did not file his federal petition until June 2014, more than 17 years after the AEDPA's grace period expired.  Further, petitioner cannot rely upon the tolling provisions of Section 2244(d)(2) since by his own admission he did not file his first application for post-conviction relief until 2013, a date well beyond the date that the grace period ended.

In short, the instant petition is clearly time-barred if the limitations period is calculated as provided in Section 2244(d)(1)(A).

## 2. Limitations – Section 2244(d)(1)(B)

Petitioner claims that limitations should be reckoned as provided in Section 2244(d)(1)(C), the date upon which a Constitutional right has been recognized by the Supreme Court and made retroactive to cases on collateral review. In support of this claim he cites *Martinez v. Arizona*, — U.S. —, 132 S.Ct. 1309, 182 L.Ed.2d 272 (March 20, 2012).  *Martinez*

and its progeny (see for example, *Trevino v. Thaler*, — U.S. —, 133 S.Ct. 1911 (2013)) recognized that ineffective assistance of counsel at the initial-review collateral attack stage may constitute "cause" to excuse a *habeas* petitioner's procedural default; however, it appears that this line of cases does not apply to the AEDPA's statute of limitations and cannot be invoked to establish eligibility for equitable tolling. *Compare Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period.").

He also argued, with respect to his ineffective assistance of trial counsel claim, that he is entitled to have limitations reckoned as provided in Section 2244(d)(1)(C), and, in support of this claim he  argues that *Lafler v. Cooper*, — U.S. —, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012) and *Missouri v Frye*, — U.S. —, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012),  announced a constitutional right newly recognized by the Supreme Court which was in turn made retroactively applicable to cases on collateral review.

In *Lafler*, 182 L.Ed.2d 398 (2012) the Court held, "If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it. If that right is denied, prejudice can be shown if loss of the plea opportunity led to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence." 132 S.Ct. at 1387.  *Lafler*, along with *Missouri v Frye*, — U.S. —, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012), which was decided on the same day, extended a criminal defendant's Sixth Amendment right to counsel to the plea negotiation stage and set the standards for how to analyze such claims in accordance with the landmark case of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

However, the Fifth Circuit has already determined, albeit in a different context, that *Lafler* did not announce a new rule of constitutional law because it merely applied the Sixth Amendment's right to counsel to a specific context. *See In re: King*, 697 F.3d 1189 (5th Cir. 2012) (*per curiam*). Other courts have agreed with that assessment.  *See United States v. Lawton,* 506 Fed. Appx. 722 (10th Cir. 2012), citing *King*, *supra*, as well as *Hare v. United States*, 688 F.3d 878–80 (7th Cir.2012); *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir.2012); *In re: Arras*, No. 12–2195, 2012 WL 7656637 (10th Cir. Dec. 11, 2012) (denying authorization to file a second or successive § 2255 motion because *Lafler* did not establish a new rule of constitutional law); *In re: Perez*, 682 F.3d 930, 932–34 (11th Cir.2012); see also *United States v. King*, — F.Supp.2d —, 2013 WL 6405423 (D.D.C. 2013) ("Because the holding in *Lafler* was dictated by Supreme Court precedent, it is not a new right..."); *United States v. Sheridan*, — Fed. Appx. —, 2014 WL 1363971 (10th Cir. 2014) ("Sheridan claims that ...  *Missouri v. Frye*, ——U.S. ——, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012), and *Lafler v. Cooper*, ——U.S. ——, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012) – established a new constitutional right to effective assistance of counsel during plea bargaining. To be sure, that right is an important one, but it existed well before the Supreme Court reiterated its constitutional gravity in *Frye* and *Lafler* ... Because neither *Frye* nor *Lafler* establishes a newly recognized right in the first instance, we need not address whether the rules from those cases have been made retroactively applicable.); *Pagan-San Miguel v. United States*, 736 F.3d 44 (1st Cir. 2013) ("We agree with every other circuit to have considered the issue that neither *Frye* nor *Cooper* established a 'new rule of constitutional law.'")

Further, even if *Lafler* or *Frye* were said to have announced a new right, petitioner has

not, nor can he, point to any Fifth Circuit cases that hold that their holdings may be applied retroactively. In short, petitioner may not rely upon the provisions of Section 2244(d)(1)(C) to reckon the AEDPA limitations period in his case.

Finally, even if *Lafler, Frye,* and *Martinez* announced a new retroactively applied Constitutional right, the petition would still be time-barred. *Martinez* was decided on March 20, 2012; both *Lafler* and *Frye* were decided on March 21, 2012. If petitioner were allowed to reckon limitations in accordance with Section 2244(d)(1)(C), the one year period of limitations would commence on those dates. The evidence submitted reveals that petitioner did not file his application for post-conviction relief in the Fourth Judicial District Court until March 18, 2013 [Doc. 1-1, p. 34] just 2 days short of the end of the limitations period with regard to *Martinez* and 3 days short of the end of the limitations period with regard to *Lafler* and *Frye*.  His post-conviction litigation ceased to be pending in the Louisiana Courts on May 23, 2014, when the Supreme Court denied his writ application. *State of Louisiana ex rel. Roy Edwards Ates v. State of Louisiana*, 2013-2400 (La. 5/23/2014), — So.3d —, 2014 WL 2609409. [Doc. 1-1, p. 1] Thereafter, a period of 10 days elapsed before he filed the instant petition on June 3rd. Thus, even if petitioner could rely upon Section 2244(d)(1)(C), his claims would still be time-barred since more than 1-year elapsed un-tolled between the dates that *Martinez*, *Lafler*, and *Frye* were decided and the date he filed his *habeas corpus* petition.

### 4. Limitations – Section 2244(d)(1)(B) and (D)

Section 2244(d)(1)(B) allows for reckoning the limitation period from the date that State created impediments to filing were removed; Section 2244(d)(1)(D) provides for reckoning limitations from "the date on which the factual predicate of the claim or claims presented could

8

have been discovered through the exercise of due diligence." Petitioner implies that despite his efforts, he was unable to discover the facts supporting his *Brady* claim.  He thus implies that he is entitled to reckon limitations as provided in subsections (B) and (D). However, by his own admission, he was aware of those facts in August 2010. Clearly a period in excess of 1-year elapsed untolled between that date and the date he filed this petition.

### 5. *Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006).  As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336,  127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Nothing of record supports equitable tolling of the statute of limitations in the instant case.  It does not appear from the evidence thus far submitted that petitioner was either actively misled by the state or otherwise prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims. Finally, petitioner cannot seriously claim diligence with respect

9

to his claims.

### *Conclusion and Recommendation*

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28

U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

       In Chambers, Monroe, Louisiana, July 17, 2014.

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**